UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P610-H

JAMES HOWARD LARSON                                                              PLAINTIFF

v.

DETECTIVE LOVE *et al.*                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff James Howard Larson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1) and thereafter filed a letter (DN 6), which the Court construes to be an amendment to the complaint. This matter is before the Court for *sua sponte* screening of the complaint and amendment pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

## I.  SUMMARY OF CLAIMS

**A.  Complaint**

Plaintiff brings this action against Detective Love of the Radcliff Police Department and "Two Women Commonwealth Attorneys of August 31 and Sept. 19 court appearances" in Hardin County. He sues the Defendants in their individual and official capacities and seeks damages and immediate release from incarceration.

According to the complaint, Plaintiff was transported to the Hardin County Detention Center on August 7, 2007, "for allegedly violating terms of the new residency requirements of KRS 17.510." Plaintiff claims that other courts have found the residency requirement for sex offenders unconstitutional and asks "how can I have a proper trial, when I am being tried in a county that is against sex offenders." He contends that "There were several instances of the Commonwealths Attorneys Office not adhereing to the Rules of Criminal Procedure." Plaintiff claims, for instance,

that during his original court appearance in August 2007, he was supposed to be able to face his

accuser Detective Love but that Detective Love "neglected to appear in Court making the charges

Null and Void per Rules of Criminal Procedure." Against Plaintiff's wishes, however, his

Department of Public Advocacy attorney "allowed the Commonwealth Attorneys to violate the law

and continue prosecution at a later date." Plaintiff additionally contends that at a later court

appearance misdemeanor charges were dismissed and the felony charge was reduced to a

misdemeanor; later, however, these charges were resubmitted to the grand jury "as if no legal action

had taken place. Another violation of Rules of Criminal Procedure." Plaintiff finally claims that

his final district court appearance was on October 3, 2007, but that he had "exact charges being

prosecuted in District Court and Circuit Court on October 2, 2007 a clear violation of the Double

Jeopardy Clause of the Law."

**B.  Amendment**

In the amendment, Plaintiff, who is currently incarcerated in the Federal Medical Center,

reports several conditions-of-confinement claims allegedly occurring during his incarceration at the

Hardin County Detention Center. These claims include delayed medical treatment, improper

medical billing, and inadequate food and living conditions. He additionally reports "experiencing

problems with Judge Easton and Hardin County Circuit Court."

## II.  <u>LEGAL STANDARD</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer

or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§

1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable

basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at __, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

## A.  Complaint

### 1.  Release from incarceration

To the extent Plaintiff seeks release from incarceration, a § 1983 claim cannot lie.  Rather, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus" under 28 U.S.C. § 2254 following exhaustion of available state remedies.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  If Plaintiff has not yet been convicted, he must file a writ of habeas corpus pursuant to 28 U.S.C. § 2241 following exhaustion of available state remedies.  *See generally Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. at 489-91 (stating in a § 2241 action that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'").

Plaintiff's request for injunctive relief under § 1983 must, therefore, be dismissed.

### 2.  Detective Love

*Individual-capacity claim.*  As to Plaintiff's individual-capacity claim, Plaintiff's only plaint against Detective Love is that he neglected to show up for a hearing.  Detective Love's inaction fails to violate any federal statute or constitutional provision.

*Official-capacity claim.*  Plaintiff's official-capacity claim against Detective Love is actually against the City of Radcliff as the real party in interest.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  A municipality, however, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged

constitutional deprivation. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Simply stated, Plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001). In the instant case, Plaintiff has failed to allege the existence of a Radcliff policy or custom relative to the nature of his complaints and claims.

As Plaintiff has failed to set forth any cognizable claims against Detective Love, all claims against Detective Love must be dismissed.

### 3. Two Women Commonwealth's Attorneys

*Individual-capacity claims.* A prosecutor enjoys absolute immunity from section 1983 liability when she acts as an advocate by engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Just as judicial immunity attaches to all judicial acts, prosecutorial immunity attaches to protect a prosecutor with respect to her actions which clearly involved her role as an "advocate" for the government. *Imbler*, 424 U.S. at 431 n.33. However, "[t]he Court made clear that absolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Van De Kamp v. Goldstein*, -- S. Ct. -- , 2009 WL 160430, at *5 (U.S. Jan. 26, 2009) (quoting *Imbler*, 424 at 431 n.33).

Plaintiff's claims against the Two Women Commonwealth's Attorneys are predicated on the prosecutors' conduct in court appearances in August, September and October 2007. These allegations clearly involve advocatory conduct and are all "intimately associated with the judicial

phase of the criminal process." Consequently, Defendant prosecutors are entitled to absolute immunity with regard to the individual-capacity claims against them.

*Official-capacity claims.* The official-capacity claims must be dismissed on two bases. First, Commonwealth's Attorneys, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official-capacity claims for damages against the Two Women Commonwealth's Attorneys must be dismissed.

**B.     Amendment**

Plaintiff makes broad allegations of problems at Hardin County Detention Center but fails to name any officer, employee, or other wrongdoer responsible for his allegations. As to his problems with Judge Easton and the circuit court, he fails to articulate a cognizable federal claim. He also fails to request any specific relief with respect to any of his claims. Plaintiff may always file a new complaint setting forth specific facts against alleged wrongdoers at the Hardin County Detention Center and the Hardin Circuit Court.

6

For the reasons set forth above, the Court finds that Plaintiff has not asserted a cognizable cause of action under § 1983.  Consistent with this Memorandum Opinion, the Court will enter a separate Order of dismissal.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4412.005

7